O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SAFEGUARD DISTRIBUTORS ASSOCIATION, INC., a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAFEGUARD BUSINESS SYSTEMS, INC.; a Delaware corporation; SAFEGUARD FRANCHISE SYSTEMS, INC., a Texas corporation; SAFEGUARD FRANCHISE SALES, INC., a Texas corporation, and DOES 1-50, <br><br> Defendants. | Case No.: 5:25-cv-01240-MEMF-SHK <br><br> **ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE, PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, AND DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [DKT. NOS. 32-1. 32-8, 35-1]** |

Before the Court is a Motion to Dismiss the Second Amended Complaint filed by Defendants Safeguard Business Systems, Inc. ("SBS"), Safeguard Franchise Systems, Inc. ("Systems"), and Safeguard Franchise Sales, Inc. ("Sales") (collectively all three Defendants referred to as, "Safeguard"), Dkt. No. 32-1 ("Motion"), and a Request for Judicial Notice filed by Safeguard, Dkt. No. 32-8 ("Safeguard RJN"). Also before the Court is a Request for Judicial Notice filed by Plaintiff United Safeguard Distributors Association ("USDA"). Dkt. No. 35-1 ("USDA RJN"). For the reasons discussed below, the Court GRANTS the Motion and GRANTS the Safeguard RJN and USDA RJN.

/ / /

/ / /

1

## BACKGROUND

I.    **Factual Allegations**[1]

Three disputes have arisen between Safeguard and USDA's members regarding the rights and obligations under the various Distribution Agreements that govern their relationships. First, USDA's members contend—and Safeguard disputes—that: "Safeguard's right to impose chargebacks on its Distributors is contingent upon Safeguard's fulfillment of its exclusive obligations to properly invoice, collect, and account for payments from customers, and to maintain accurate and timely A/R records." *See* 2AC ¶ 86. In light of this dispute, USDA "seeks a judicial declaration that under the Distribution Agreements, Safeguard's right to impose chargebacks is contingent upon its fulfillment of its obligations to properly invoice, collect, and account for payments from customers, and to maintain accurate and timely A/R records." *Id.* ¶ 89.

Second, USDA's members contend—and Safeguard disputes—that: "Safeguard's rollout of its new SAP system, and the resulting system-wide accounting failures, have led to grossly inaccurate accounts receivable ("A/R") records, depriving the Distributors of the benefits of their Distribution Agreements with Safeguard." *Id.* ¶¶ 93-95. In light of this dispute, USDA "seeks a judicial declaration that Safeguard's failure to properly invoice, collect, and account for customer payments, and its maintenance of inaccurate A/R records, has deprived Distributors of the benefits of their Distribution Agreements." *Id.* ¶ 96.

Third, USDA's members contend—and Safeguard disputes—that: "Safeguard is not permitted to enforce the post-termination non-competition provisions in the Distribution Agreements because Safeguard's ongoing failure to properly invoice, collect, and account for payments from customers has excused the Distributors from complying with any such post-termination non-competition provisions." *Id.* ¶¶ 100-01. In light of this dispute, USDA

---

[1] The following factual background is derived from the allegations in USDA's Second Amended Complaint, Dkt. No. 29 ("2AC"), except where otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true. Because in its Order Granting Safeguard's Motion to Dismiss, the Court set out in detail the facts alleged in the 1AC (which are substantially similar to the facts alleged in this 2AC), Dkt. No. 26 ("Order"), the Court will therefore only focus on what is new: USDA's three claims for declaratory relief.

"seeks a judicial determination that Safeguard is not permitted to enforce any post-termination non-competition provision against the Distributors due to its ongoing failure to properly invoice, collect, and account for payments from customers." *Id.* ¶ 103.

## II.    **Procedural History**

On February 19, 2025, USDA filed a complaint in the County of San Bernardino Superior Court, alleging claims of (1) accounting, (2) breach of contract, and (3) declaratory judgment. Dkt. No. 1-3.[2] On May 21, 2025, Safeguard filed a Notice of Removal ("NOR"). On June 17, 2025, USDA filed a First Amended Complaint alleging the same claims of accounting, breach of contract, and declaratory judgment. Dkt. No. 13 ¶¶ 86-112 ("1AC"). Safeguard sought to dismiss the 1AC on various grounds, including associational standing, arguing that the participation of individual members was required for the accounting claim and the breach of contract claim. *See* Dkt. No. 18-1. On September 17, 2025, the Court issued an Order granting Safeguard's Motion to Dismiss the First Amended Complaint with leave to amend. *See* Dkt. No. 26 ("Order"). The Court found that USDA did not have associational standing because "Safeguard does need to know the identity of specific individual USDA members in order to defend" against the accounting and breach of contract claims. *See id.* at 13-14. On November 14, 2025, USDA filed a Second Amended Complaint, eliminating the accounting and breach of contract claims, and only bringing the three claims for declaratory relief described above. *See* 2AC.

On December 5, 2025, Safeguard filed this Motion and Request for Judicial Notice. *See* Motion; Safeguard RJN. On December 11, 2025, the parties filed a stipulation to grant a briefing schedule for this Motion. Dkt. No. 33. On December 23, 2025, the parties filed a stipulation to withdraw Safeguard's Motion to Compel Arbitration. Dkt. No. 34; *see also* Dkt. No. 31. On December 23, 2025, USDA filed an Opposition to the Motion and Request for Judicial Notice. *See* Dkt. No. 35 ("Opposition"); USDA RJN. On January 6, 2026, the Court issued an Order granting the stipulation regarding the briefing schedule. Dkt. No. 37. On January 9, 2026, the Court issued an

---

[2] The Complaint was not served until April 21, 2025. *See* Dkt. No. 1 ¶ 3.

Order granting the stipulation to withdraw Safeguard's Motion to Compel Arbitration. Dkt. No. 38. On January 16, 2026, Safeguard filed a Reply to the Motion. Dkt. No. 39 ("Reply").

Prior to the scheduled hearing, the Court sent the parties a tentative order via email. The parties then stipulated to the tentative ruling, Dkt. No. 43, and the Court took the hearing off calendar. In light of this, the Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**REQUESTS FOR JUDICIAL NOTICE (Dkt. Nos. 32-8, 35-1)**

I.     **Applicable Law**

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint … The incorporation-by-reference doctrine is "not a tool [] to short-circuit the resolution of a well-pleaded claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

/ / /

/ / /

/ / /

4

II.    **Discussion**

   **A. Safeguard's Request for Judicial Notice is granted.**

In support of its Motion, Safeguard requests the Court judicially notice fifteen (15) documents. Safeguard RJN. USDA does not oppose Safeguard's request for judicial notice. *See generally* Opposition. The documents are listed below (with descriptions based on Safeguard's descriptions of the documents):

   a.   A distribution agreement entered into by Systems and a distributor related to territories in Florida, which requires that disputes between the distributor and Sales be submitted to arbitration before the American Arbitration Association. (Ex. A, Minor);

   b.   A distribution agreement entered into by Systems and a distributor related to territories in Canada, which requires that disputes between the distributor and Sales be submitted to arbitration before the Toronto Metropolitan Courts within the province of Ontario, Canada (Ex. B, Barrie);

   c.   A distribution agreement entered into by Systems and a distributor related to territories in New Jersey, which requires that disputes between the distributor and Sales be submitted to arbitration before the American Arbitration Association (Ex. C, Rath);

   d.   A distribution agreement entered into by Systems and a distributor related to territories in Georgia and South Carolina, which requires that disputes between the distributor and Sales be submitted to arbitration before the American Arbitration Association (Ex. D, Benton);

   e.   A distribution agreement entered into by Systems and a distributor related to territories in New Jersey and New York, which requires that disputes between the distributor and Sales be submitted to arbitration before the American Arbitration Association (Ex. E, Zaccareo);

   f.   A distribution agreement entered into between Systems and a distributor related to territories in Arizona, which requires that disputes between the distributor and

5

Sales arising out of the agreement be submitted to mediation prior to any party bringing a claim in a court of law (Ex. F, Korn);

g.  A distribution agreement entered into between Systems and a distributor related to territories in Georgia and South Carolina, which requires that disputes between the distributor and Sales arising out of the agreement be submitted to mediation prior to any party bringing a claim in a court of law (Ex. G, Norris);

h.  A distribution agreement entered into between Systems and a distributor related to territories in Kentucky, Indiana, and Tennessee, which requires that disputes between the distributor and Sales arising out of the agreement be submitted to mediation prior to any party bringing a claim in a court of law (Ex. H, Nahm);

i.  A distribution agreement entered into between Systems and a distributor related to territories in Ohio, Indiana, and Michigan, which requires that disputes between the distributor and Sales arising out of the agreement be submitted to mediation prior to any party bringing a claim in a court of law (Ex. I, Chris Meyers);

j.  A distribution agreement entered into between Systems and a distributor related to territories in Ohio, Kentucky, Pennsylvania, and Indiana, which requires that disputes between the distributor and Sales arising out of the agreement be submitted to mediation prior to any party bringing a claim in a court of law (Ex. J, Tommy Myers);

k.  A distribution agreement entered into by Systems and a distributor related to territories in Canada, which is governed by the laws of the Canadian province of Ontario (Ex. K, Krueger);

l.  A distribution agreement entered into by Systems and a distributor related to territories in the provinces of Ontario and Quebec Canada, which is governed by the laws of the Canadian province of Ontario (Ex. L, Probst);

m. A distribution agreement entered into by Systems and a distributor related to territories in the provinces of Ontario and Quebec Canada, which is governed by the laws of the Canadian province of Ontario (Ex. M, Richie);

n.  A distribution agreement entered into by Systems and a distributor related to territories in Canada, which is governed by the laws of the Canadian province of Ontario (Ex. N, McLaurin);

o.  A distribution agreement entered into by Systems and a distributor related to territories in Canada, which is governed by the laws of the Canadian province of Ontario (Ex. O, Brezinski).

*See generally* Safeguard RJN. Safeguard's documents for judicial notice are various Safeguard distribution agreements from various years and regions. They are referred to in the Second Amended Complaint, because the Second Amended Complaint refers to distribution agreements entered into between USDA members and Safeguard. *See* 2AC ¶¶ 30, 35-36, 38-42, 45-49, 56. Safeguard's documents for judicial notice are thus incorporated by reference, so the Court will GRANT judicial notice of them all.

### B. USDA's Request for Judicial Notice is granted.

USDA requests the Court judicially notice seven (7) documents. USDA RJN. Safeguard does not oppose USDA's requests for judicial notice. *See generally* Reply. The documents are listed below (with descriptions based on USDA's descriptions of the documents):

a.  Exhibit 1: Distribution Agreement dated May 31, 2011, entered between by Defendant Safeguard Franchise Systems, Inc. and USDA member Tracy Lynn Barrett d/b/a Safeguard Rapid Printing Center;

b.  Exhibit 2: Distribution Agreement dated September 28, 2018, entered between by Defendant Safeguard Franchise Sales, Inc. and USDA member Sergio Gastelum;

c.  Exhibit 3: Distribution Agreement dated January 31, 2019, entered between Defendant Safeguard Franchise Sales, Inc. and The Beavers Group, Inc, owned and operated by USDA member, Jennifer Johnson;

d.  Exhibit 4: Distribution Agreement dated October 3, 1994, by and between Safeguard Franchise Systems, Inc. and USDA member Jeffrey Reuther;

e.  Exhibit 5: Distribution Agreement dated April 12, 1995, entered between Defendant Safeguard Business System, Inc. and Steven Ventura;

f.    Exhibit 6: Safeguard Business Systems, Inc.'s Statement of Information, filed with the State of California, Office of the Secretary of Stated on March 3, 2025;

g.    Exhibit 7: Safeguard Franchise Sales, Inc.'s Franchise Disclosure Document ("FDD"), issued on March 31, 2025.

*See generally* USDA RJN. For the same reason as mentioned above with Safeguard's documents, USDA's Exhibits 1-5 are incorporated by reference into the Second Amended Complaint. *See* 2AC ¶¶ 30, 35-36, 38-42, 45-49, 56. And USDA's Exhibits 6 and 7 are public records. *See* USDA RJN at 3. Thus, USDA's request for judicial notice is GRANTED.

### MOTION TO DISMISS (Dkt. No. 32-1)

**I.      Applicable Law**

**A. 12(b)(1) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject-matter jurisdiction. "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a 12(b)(1) motion, the plaintiff bears the burden of establishing Article III standing to assert the claims. *Id.*

Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply with equal force to Article III standing when it is being challenged on the face of the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (applying *Iqbal*). Thus, in terms of Article III standing, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any

interested party seeking such declaration." 28 U.S.C. § 2201(a). District courts must first inquire whether there is an actual case or controversy within its jurisdiction. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction. *Id.* The ripeness doctrine "is intended 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Trs. for Alaska v. Hodel*, 806 F.2d 1378, 1381 (9th Cir. 1986) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 (1977)). The actual case or controversy requirement is "'not relaxed in the declaratory judgment context,'" and a "party seeking declaratory relief must demonstrate the three elements that comprise the 'irreducible constitutional minimum of standing.'" *San Diego Cnty. Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022-23 (9th Cir. 2023) (first quoting G*ator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (en banc); and then quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

### B.  12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Labels, conclusions,

and "formulaic recitation of a cause of action's elements" are insufficient. *Twombly*, 550 U.S. at 545.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679. But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II. Discussion

Safeguard brings its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Safeguard moves to dismiss for lack of subject matter jurisdiction arguing that USDA does not have associational standing and USDA's claims for declaratory relief are not ripe. *See* Motion at 10-11, 17-19; Reply at 6-15. For the reasons stated below, the Court GRANTS the Motion.

### A. Some of USDA's claims and relief sought require the participation of individual members, so USDA does not have associational standing.

"An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

The determination of the third prong—whether the claim asserted or the relief requested requires the participation of individual members—is hotly contested in this case. In *Hunt*, the Supreme Court found that the third prong was satisfied because none of the claims at issue required "individualized proof," and therefore the declaratory and injunctive relief claims were "properly

10

resolved in a group context." *Id.* at 344. And in *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Brock*, 477 U.S. 274, 287 (1986), the Supreme Court held that the petitioners' claims did not require the district court "to consider the individual circumstances of any aggrieved UAW member," because the suit raised "a pure question of law"—whether the agency had properly interpreted certain statutory provisions regarding eligibility for a trade benefit. 477 U.S. at 287. And the relief requested—federally funded benefits for laid off workers—also did not require individualized proof, because after determining the question of law regarding eligibility, it was left to the state authorities to determine eligibility of the individual claimants. *See id.* at 277, 288. Thus, although state authorities would need to consider the individualized circumstances of each member's claim to determine the benefits, no participation of the individual members was needed in the federal court litigation. *Id.* at 288. "'[T]he remedy, if granted, [would] inure to the benefit of those members of the association actually injured.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 515 (1975)). Accordingly, the third prong of associational standing was satisfied. *Id.*

Safeguard contends that the third prong is not satisfied because USDA's claims asserted and relief sought require the participation of individual members. *See* Motion at 10-11, 15-16; Reply at 6-13. The Court finds because the claims and relief do require the participation of individual members, USDA does not have associational standing.

In its prior Order, the Court found that "Safeguard does need to know the identity of specific individual USDA members in order to defend, at the very least, against two of the four operative claims in the 1AC." Order at 13. Particularly, USDA's accounting claim was "specific to each member, and [could not] be done on a USDA-wide basis," and USDA's breach of contract claim would have required USDA to "establish the terms of each individual agreement—even if it seeks to show that all Distributor Agreements had the same billing and collection terms." *Id.*

Even though USDA's claims are now different, pleading defects remain concerning the third prong of associational standing. First, the participation of individual members is required to resolve the parties' disputes regarding forum selection—specifically "individualized proof." *Hunt*, 432 U.S. at 344. This Court will be required to consider "the individual circumstances of any aggrieved . . . member." *Brock*, 477 U.S. at 287. USDA does not dispute the existence of valid forum selection

clauses and contends that the proper vehicle to enforce them is through a motion to transfer under 28 U.S.C. § 1404(a) and not through dismissal. *See* Opposition at 5-6; *see also* 28 U.S.C. § 1404(a).[3] But to determine if and how each forum selection clause shall be enforced under Section 1404(a), this Court must make "an 'individualized, case-by-case consideration of convenience and fairness,'" and "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). This individualized analysis defeats the third prong of associational standing.

USDA argues that this Court must go through a "multi-step framework" when analyzing conflicting forum selection clauses arising from separate contracts or when analyzing situations where only some parties are subject to a forum selection clause. *See* Opposition at 7-13 (citing *In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014); *In re: Howmedica Osteonics Corp.*, 867 F.3d 390 (3d Cir. 2017)). But this inquiry still requires an individualized, "fact-sensitive analysis" into the private and public factors for each party. *See In re Rolls Royce Corp.*, 775 F.3d at 678, 681; *see also In re: Howmedica Osteonics Corp.,* 867 F.3d at 402-04 (adopting the framework in *In re Rolls Royce Corp.*); Opposition at 9-10 (noting that there are multiple designated forums in the Distribution Agreements).

Second, the participation of individual members—individualized proof and an inquiry into the individual circumstances of each member—is required to resolve the parties' disputes regarding choice of law. *See Hunt*, 432 U.S. at 344; *Brock*, 477 U.S. at 287-88. USDA does not dispute the existence of valid various choice of law provisions. *See* Opposition at 19; Reply at 12. Rather, USDA contends that "[e]ven if there is a material difference in the applicable law . . . the legal analysis can be broken up by the different choice-of-law provisions." Opposition at 19. But this is

---

[3] Whether or not this issue is properly raised in a 12(b)(6) motion to warrant dismissal, *see* Opposition at 6 (citing *Gemini Tech., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915-16 (9th Cir. 2019); *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018)), it is undisputed that "Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses" through a motion to transfer. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59-60 (2013); *see also* Opposition at 5-6; Reply at 8. Thus, this Court must follow the rules for a Section 1404(a) motion to transfer, which as discussed below, require an individualized determination as to each case.

asking the Court to engage in an individualized, member-by-member analysis, demonstrating that the third prong of associational standing is not met. *See Hunt*, 432 U.S. at 343.

Because USDA does not have associational standing, the Court need not reach the question of whether the individual causes of action for declaratory relief are adequately pleaded.

**B.  The Court will grant leave to amend.**

Safeguard contends that the 2AC should be dismissed with prejudice. *See* Motion at 20-21. Safeguard contends that amendment would be futile because it does not make sense to grant "[l]eave to amend to carve out certain members from this lawsuit—while simultaneously pursuing claims in the name of the association." *See* Reply at 7-8. USDA contends that this Court should grant leave to amend. *See* Opposition at 4 (citing *Manzarek*, 519 F.3d at 1031). Although the Court finds that USDA cannot currently pursue claims on behalf of all USDA members, Safeguard has not presented this Court with any authority suggesting that USDA could not pursue relief on behalf of a subset of its members or identify a cause of action that does not rely on individual proof or consideration of the individual circumstances of its members. *See* Reply at 15-16. Therefore, the Court will grant leave to amend. *See* Fed. R. Civ. P. 15(a); *Manzarek*, 519 F.3d at 1031.

**III.    Conclusion**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  Safeguard's Motion to Dismiss (Dkt. No. 32-1) is GRANTED WITH LEAVE TO AMEND.

2.  Safeguard's Request for Judicial Notice (Dkt. No. 32-8) is GRANTED.

3.  USDA's Request for Judicial Notice (Dkt. No. 35-1) is GRANTED.

4.  The parties' stipulation at Dkt. No. 43 is GRANTED. Pursuant to that stipulation, USDA shall file a third amended complaint on or before April 3, 2026.

IT IS SO ORDERED.

Dated: March 4, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge